*In re* DUANE V BALDWIN TRUST
*In re* BALDWIN ESTATE

Docket Nos. 261642, 261643. Submitted October 5, 2006, at Lansing.
   Decided February 27, 2007, at 9:10 a.m.

   Thomas M. Shoaff petitioned the Ingham County Probate Court to
   remove Thomas E. Woods as trustee of the Duane V Baldwin Trust
   and to remove Woods as personal representative of Baldwin's
   estate, alleging that Woods had failed to act in Shoaff's best
   interests as a creditor of the trust and the estate. Shoaff had
   previously filed an action in the Ingham Circuit Court against the
   estate, the trust, Woods, and others, which ultimately resulted in
   a determination that Baldwin had made numerous fraudulent
   conveyances before his death and in a judgment in Shoaff's favor.
   The probate petitions included allegations that Woods had failed to
   take certain actions with regard to the assets the decedent had
   fraudulently conveyed and had failed to pierce the organizational
   structure of the various entities the decedent had established for
   unlawful purposes. The probate court, Richard J. Garcia, J.,
   concluded sua sponte that there was no genuine issue regarding
   any material fact that would justify removing Woods, sanctioning
   him, or awarding Shoaff additional money from the estate. The
   probate court entered orders denying Shoaff's petitions to remove
   Woods and surcharge him. Shoaff appealed the denials.

        The Court of Appeals *held*:

        1. The Court of Appeals has jurisdiction over these appeals.
   Contrary to Woods's assertion, MCR 5.801(B)(1)(v), which governs
   appeals from orders related to the surcharge of a fiduciary, does
   not violate the separation of powers and does not exceed the
   Supreme Court's rule-making powers.

        2. The probate court did not err by sua sponte dismissing the
   petitions. If no factual dispute exists, a court must dismiss an
   action when a party is entitled to judgment as a matter of law; a
   summary disposition motion is unnecessary. Shoaff was afforded
   due process because he had ample opportunity to respond when
   the probate court raised the issue.

        3. The probate court did not abuse its discretion by dismissing
   the petition to remove Woods as personal representative and

surcharge him. There was no evidence that Woods mismanaged the estate. He merely defended the estate and himself against Shoaff's circuit court lawsuit, as authorized by MCL 700.3715(x). While a personal representative may be held liable under MCL 700.3712 to interested persons for an improper exercise of his or her powers, or an improper failure to exercise powers, if there is a breach of fiduciary duty, a personal representative is not a fiduciary to a creditor such as Shoaff, MCL 700.1212(1). While the decedent's heirs were the owners of the entities at issue in the circuit court case, Woods nonetheless owed them fiduciary duties and was authorized to try to protect their interests. A personal representative shall not be surcharged for conduct that is authorized.

4. The probate court did not abuse its discretion by dismissing the petition to remove Woods as trustee and surcharge him. Shoaff did not allege that Woods committed a tort while administering the trust. Woods, as trustee, as a matter of law had no duty to pursue nontrust assets or to use his authority under the Estates and Protected Individuals Code for the benefit of a claimant such as Shoaff.

Affirmed.

SERVITTO, J., concurring in part and dissenting in part, agreed with the majority with respect to the Court of Appeals jurisdiction and the probate court's authority to sua sponte grant summary disposition, but would reverse the dismissal of the petition to remove Woods as personal representative and surcharge him. A personal representative is liable to interested persons for damages or loss resulting from the breach of a fiduciary duty. Shoaff is an interested person who alleged wrongdoing that resulted in a loss to the estate. While Woods may not have owed a fiduciary duty to a creditor such as Shoaff, he may nevertheless owe a duty and be liable to a creditor under MCL 700.1308(1) and 700.3712 for a loss to the estate arising from the breach of a duty to the estate.

EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — FIDUCIARY DUTIES — CREDITORS.

The personal representative of an estate is not a fiduciary to a creditor of the estate (MCL 700.1212[1]).

*Murphy, Brenton & Spagnuolo, P.C.* (by *Gary L. Bender* and *Samuel J. Frederick*), and *Foster Zack Little Pasteur & Manning, P.C.* (by *Everett R. Zack*), for Thomas M. Shoaff.

*Cummins Woods* (by *Thomas E. Woods*) and *Allan Falk, P.C.* (by *Allan Falk*), for the Duane V. Baldwin Trust and the estate of Duane V. Baldwin.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Deborah A. Hebert* and *Noreen L. Slank*), for Thomas E. Woods.

Before: SAWYER, P.J., and WILDER and SERVITTO, JJ.

PER CURIAM. In these consolidated appeals, petitioner Thomas M. Shoaff appeals as of right the order in Ingham County Probate Court Case No. 00-2046-TI (the trust action) and the order in Ingham County Probate Court Case No. 00-1858-DE (the estate action) granting summary disposition of his respective petitions to remove and surcharge respondent Thomas E. Woods as trustee of the Duane V. Baldwin Trust (the trust) and as personal representative of Duane V. Baldwin's estate. We affirm.

These cases arise out of alleged improper actions taken by Thomas Woods in his representative capacity in an underlying action brought by Shoaff in which the circuit court found that certain assets conveyed by Duane V. Baldwin (the decedent) before his death to partnerships and corporations of decedent's beneficiaries were fraudulent conveyances under the Uniform Fraudulent Conveyance Act (UFCA), former MCL 566.11 *et seq.*[1] *Shoaff v Baldwin,* unpublished opinion per curiam of the Court of Appeals, issued February 3, 2005 (Docket Nos. 248606, 248609, and 255460), slip op at 6. In the estate action, Shoaff also alleged that Woods had improperly administered the estate and failed to

---

[1] The UFCA was repealed by 1998 PA 434, effective December 30, 1998. See MCL 566.43. It was replaced by the Uniform Fraudulent Transfer Act, MCL 566.31 *et seq.*

liquidate the fraudulently conveyed assets to pay decedent's creditors after the underlying judgment was issued.

### I. FACTS AND PROCEDURAL HISTORY

The facts are based principally on those found in the Court's prior opinion in *Shoaff.* In 1991, decedent transferred real estate, mutual funds, bonds, insurance policies, and certificates of deposit into five newly created partnerships in which his children were given ownership interests, but in which decedent retained the largest percentage of interest. *Shoaff, supra,* slip op at 5. In February 1996, Shoaff, decedent, and Mark Baldwin entered into a business agreement to form and become shareholders in a corporation (Baldwin Farms, Inc.). Shoaff guaranteed a loan, and, in return, decedent agreed to indemnify Shoaff and hold him harmless if the business failed. *Id.* at 4. As security for the indemnity obligation, decedent pledged 2,000 shares of American Paytel Corporation, which he represented to be worth $400,000. *Id.* at 4-5.

Later in 1996, the indemnity agreement was amended twice. Mark Baldwin was added as an indemnitor, and the parties agreed that additional assets would provide collateral for the indemnity obligation should the Paytel stock prove insufficient.

> According to [Shoaff], Duane Baldwin claimed he had more than enough assets, in the form of real estate holdings and securities, to cover the [indemnification] obligation. However, unbeknownst to [Shoaff], in October 1991, five years before the [indemnity] agreement . . . , Duane Baldwin had transferred [most of his assets] into five newly-created limited partnerships . . . . [*Id.* at 5.]

Baldwin Farms failed and never made loan payments. "At the same time, the value of American Paytel

stock plummeted. [Additionally, i]n February 1998, Baldwin Farms was unable to meet its payments . . . coming due to the bank." *Id.*

"In July 1998, [decedent] conveyed the remainder of his assets to the Duane V. Baldwin Trust, a revocable living trust." *Id.* According to decedent's will dated July 28, 1998, the trust was also created on July 28, 1998. Decedent, while alive, was trustee. The trust named his son, Gary Baldwin, and daughter, Mary Jo Baldwin, as successor cotrustees. On September 14, 1998, Duane Baldwin died at the age of 72.

In June 1999, before an estate was opened, Shoaff filed his circuit court action. On June 11, 1999, Gary Baldwin (nominated personal representative in the will and nominated trustee of the trust) filed in the probate court a petition for assignment for an estate not exceeding $15,000. The petition listed three assets: a 24½-percent interest in a "Family Limited Partnership," valued at $4,728.50; a Merrill Lynch account valued at $6,560.22; and a "real estate interest" valued at $3,430.51. The total value of decedent's property, after payment of funeral and burial expenses, was $14,719.23.

In September 1999, pursuant to his loan guarantee, Shoaff paid off the loans from the bank. Subsequently, the Revised Probate Code was repealed and was superseded by the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*[2]

---

[2] EPIC replaced the Revised Probate Code, 1978 PA 642, former MCL 700.1 to 700.993, effective April 1, 2000. 1998 PA 386. Although decedent died before EPIC became effective, EPIC is applicable because the matter was pending in the probate court after EPIC became effective. MCL 700.8101(2)(b) provides, in pertinent part: "The act applies to a proceeding in court pending on that date or commenced after that date regardless of the time of the decedent's death . . . ." See also *In re Smith Estate,* 252 Mich App 120, 126-127; 651 NW2d 153 (2002).

Having paid the bank loans, and once an estate was opened and a personal representative appointed, Shoaff in May 2000 filed in the circuit court his first amended complaint against both the personal representative of the estate and the trustee of the trust. The first amended complaint added a fraudulent conveyances claim. *Shoaff, supra*, slip op at 5 n 4 and at 7. Woods, as personal representative and as trustee, defended against Shoaff's action. Eventually, Shoaff added as defendants several business entities, including the partnerships, claiming that the transfers to the partnerships had left decedent insolvent. *Id.* at 5 nn 2 and 4.

On November 14, 2000, Shoaff filed in the probate court a petition for "probate and/or appointment of personal representative." Shoaff nominated Woods as personal representative. This was the estate action.

On December 5, 2000, Shoaff filed in the probate court a petition for removal of the cotrustees and appointment of a neutral trustee. This was the trust action. On February 20, 2001, in the trust action, the probate court appointed Woods as successor trustee. On March 30, 2001, in the estate action, the probate court appointed Woods successor personal representative.

In March 2001, Shoaff filed a second amended complaint in the circuit court. Shoaff asserted counts for breach of contract, tortious conversion, fraudulent conveyances (the 1991 and 1998 transfers), recovery of property from the estate, accounting of assets held by defendants, violation of the Michigan securities act, and injunctive relief. *Id.* at 5-6. Shoaff sought indemnification, pursuant to the indemnity agreement, for payments in excess of $729,000. *Id.* at 6.

In April 2001, Woods, as personal representative and trustee, agreed in the circuit court action to a consent judgment in Shoaff's favor in the amount of

$701,462.76, plus statutory interest. Woods, as personal representative and trustee, admitted liability to Shoaff under the indemnification agreements. In September 2001, the circuit court granted summary disposition on the securities violation claim. Three other counts "were subsequently dismissed . . . by stipulation of the parties." *Id.*

On August 26, 2002, in the estate action, Shoaff filed a petition to remove Woods as personal representative and for the appointment of Steven D. Lowe as his successor. This petition stated that Woods should be removed as personal representative because he "has failed to act in the best interests of . . . Shoaff, a creditor whose claim has been allowed as called for by MCLA 700.3703(1), and he has taken steps contrary to . . . Shoaff's interests causing injury and damages to him."

Also on August 26, 2002, Shoaff filed in the trust action a petition to remove Woods as trustee and for appointment of Lowe as successor trustee, stating that

> Woods should be removed as Trustee . . . because he has failed to act in the best interests of . . . Shoaff, a creditor whose claim has been allowed as called for by Part 5 of Article VII of the Estates and Protected Individuals Code, MCLA 700.7501 *et seq*, and he has taken steps contrary to . . . Shoaff's interests causing injury and damages to him.

In the circuit court, a bench trial was held on the equitable claims remaining. Shoaff prevailed, and the circuit court set aside the transfers of property to the defendants that were entities, finding that the entity defendants were sham entities, were alter egos of decedent, and were intended to defraud creditors. *Id.* "A final judgment in the amount of $1,352,936.82 was entered on December 17, 2002." *Id.*

On November 6, 2003, in both the estate and trust actions, Judge R. George Economy held a hearing on the requests in the petitions to enjoin further payments by Woods until further order of the court. Judge Economy ruled that Woods should not make any further disbursements in excess of $2,500 without court approval, but denied the requests to remove Woods as fiduciary.

On March 10, 2004, in the estate action, Shoaff filed his third amended petition to remove Woods as successor personal representative. Shoaff alleged that Woods had "failed to take control over and marshal assets of the Estate and Trust as required by MCL 700.3703, 3709 and 3710" and "[f]ailed to seize assets that were fraudulently conveyed by Woods' decedent . . . and failed to take steps to pierce the organizational structure of the entity defendants which were established for unlawful purposes[.]" Shoaff further alleged that

> Woods has a fiduciary duty to creditors . . . of the Estate and Trust and has the same power over the property as an owner would have, however, for the benefit of creditors . . . . MCL 700.3711. Woods has failed to properly investigate and collect assets for the benefit of creditors . . . .

Finally, Shoaff alleged that "Woods has a statutory duty to Shoaff as a creditor of the Estate and Trust."

Also on March 10, 2004, Shoaff filed a third amended petition for removal of the trustee, making the same allegations as the third amended petition for the removal of Woods as personal representative. On January 28, 2005, Judge Economy recused himself, and the estate action and the trust action were reassigned to Judge Richard J. Garcia.

On February 3, 2005, this Court affirmed the circuit court's rulings in Shoaff's favor. *Id.* at 4, 18-19. This

Court held that "[t]he evidence overwhelmingly established Duane Baldwin's abuse of partnership and corporate arrangements by using them as devices from which he paid his personal expenses, while insulating himself from payment of his personal debts." *Id.* at 11. This Court affirmed the circuit court's ruling "piercing the veil of these partnership and corporate entities and finding that they were, indeed, sham entities used by Duane Baldwin for his sole benefit." *Id.* at 12.

Regarding the circuit court action, this Court further held that

> *the overwhelming evidence clearly supports the trial court's conclusion that the 1991 and 1998 transfers violated the UFCA.* The record indicates that, in 1991, Duane Baldwin and his attorney formed a firm to develop and market a "scheme" to shield assets from future creditors, at about the same time that Baldwin transferred most, if not all, of his assets to five limited partnerships. The scheme was marketed to farmers, individuals and lawyers, and promoted the concept of farmers transferring all of their property to several limited partnerships and corporations to avoid future creditors. [*Id.* at 12-13 (emphasis added).]

This Court further found that

> *Baldwin repeatedly represented to [Shoaff] in 1996 and 1997, during the series of business transactions involving Baldwin Farms, that he held enough property to indemnify [Shoaff] for any losses incurred by that business venture.* Consistent with these representations was Baldwin's handwritten personal financial statement, dated December 1996, showing his net worth to be $1,700,000. No mention was made of the five limited partnerships holding Baldwin's real estate. [*Id.* at 13 (emphasis added).]

This Court concluded that "the evidence shows that Duane Baldwin was rendered insolvent as a result of his fraudulent transactions." *Id.* This Court agreed that the evidence that the transfers were made in 1991 with

the intent to defraud existing and future creditors was "overwhelming." *Id.* Furthermore, this Court agreed with the trial court that DGM Corporation and Agricon, Inc., which were defendants in the circuit court action, "were sham entities utilized by Duane Baldwin to frustrate his creditors, evade lawful execution processes, and deceive governmental entities." *Id.* at 14.

On February 16, 2005, Judge Garcia held a pretrial conference at which he sua sponte concluded that there was no genuine issue regarding any material fact that would justify removing Woods, sanctioning Woods, or awarding Shoaff any more money from the estate. On March 7, 2005, Judge Garcia entered an order denying Shoaff's petition to remove and surcharge Woods as trustee and an order denying Shoaff's petition to remove and surcharge Woods as personal representative. Shoaff now appeals.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). Whether a party was given sufficient notice to satisfy due process is a legal question reviewed de novo. *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 503; 536 NW2d 280 (1995). Issues of statutory interpretation are questions of law reviewed de novo. *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

"The standard of review on appeal in cases where a probate court sits without a jury is whether the court's findings are clearly erroneous." *In re Bennett Estate,* 255 Mich App 545, 549; 662 NW2d 772 (2003). A probate court's decision whether to remove a trustee is reviewed for an abuse of discretion, *Comerica Bank v*

*City of Adrian*, 179 Mich App 712, 729; 446 NW2d 553 (1989), as is a decision whether to remove a personal representative, *In re Kramek Estate*, 268 Mich App 565, 576; 710 NW2d 753 (2005). A probate court's decision whether to surcharge a personal representative or a trustee is also reviewed for an abuse of discretion. *In re Thacker Estate*, 137 Mich App 253, 264; 358 NW2d 342 (1984). Our Supreme Court recently adopted a new definition of an abuse of discretion:

> "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." . . . "[W]*hen the trial court selects one of these principled outcomes, the trial court has not abused its discretion* and, thus, it is proper for the reviewing court to defer to the trial court's judgment." [*Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (citations omitted; emphasis added).]

This is the new default standard. *Id.*

### III. ANALYSIS

#### A. JURISDICTION

Woods argues that Shoaff does not have an appeal as of right and that this appeal should be dismissed for lack of jurisdiction because MCR 5.801(B)(1)(v)[3] is unconstitutional in that it violates the separation of

---

[3] MCR 5.801(B) provides:

Orders Appealable to Court of Appeals. Orders appealable of right to the Court of Appeals are defined as and limited to the following:

(1) a final order affecting the rights or interests of an interested person in a decedent estate, the estate of a person who has disappeared or is missing, a conservatorship or other protective proceeding, the estate of an individual with developmental dis-

powers, Const 1963, art 3, § 2, and exceeds our Supreme Court's rule-making powers, Const 1963, art 6, § 5. Woods cites only *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999), in support of his argument. However, we perceive nothing in that case that is relevant to this Court's jurisdiction in this case. In *McDougall*, our Supreme Court held that a statutory rule of evidence would violate Const 1963, art 6, § 5 only when no clear legislative policy reflecting considerations other than judicial dispatch of litigation could be identified. *Id.* at 30. *McDougall* is immaterial to Woods's challenge to a judicially adopted court rule. Thus, this Court does not lack jurisdiction.

### B. THE SUA SPONTE DISMISSAL

Shoaff argues that the probate court erred when it sua sponte granted summary disposition for Woods concerning the petitions to remove and surcharge Woods as personal representative and trustee. We disagree.

Under MCR 2.401(C)(1)(*l*), during a pretrial conference, the court may consider any matters that may aid in the disposition of the action. Further, at any time after an action has commenced, if the pleadings show that a party is entitled to judgment as a matter of law, the court must render judgment without delay. MCR 2.116(I)(1). In that regard, if no factual dispute exists, a trial court is required to dismiss an action when a party is entitled to judgment as a matter of law, and a motion

---

abilities, or an inter vivos or testamentary trust. These are defined as and limited to orders resolving the following matters:

\* \* \*

(v) surcharging or refusing to surcharge a fiduciary[.]

for summary disposition is unnecessary. *Sobiecki v Dep't of Corrections*, 271 Mich App 139, 141; 721 NW2d 229 (2006).

Regarding Shoaff's reliance on Judge (now Justice) CORRIGAN's concurrence in *Haji v Prevention Ins Agency, Inc*, 196 Mich App 84; 492 NW2d 460 (1992), this case is clearly distinguishable because the probate court's sua sponte grant of summary disposition was not based on a novel, substantive legal theory not raised by the parties, see *id.* at 86, but was based on the substantive legal theories pursued by Shoaff. We find that, procedurally, the probate court did not err in dismissing the petitions and that Shoaff was afforded due process because he had had ample opportunity to respond to the probate court's sua sponte raising of the issue.

### C. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE PETITIONS TO REMOVE AND SURCHARGE WOODS

Shoaff next argues that the probate court erred in dismissing his petitions under MCR 2.116(C)(10), and further argues that, in fact, the probate court relied on subrule C(8). The essential issue is whether the probate court abused its discretion in dismissing the petitions.

### 1. THE PETITION TO REMOVE AND SURCHARGE WOODS AS PERSONAL REPRESENTATIVE

EPIC governs when the probate court may remove a personal representative. MCL 700.3611 provides:

(1) An interested person may petition for removal of a personal representative for cause at any time. . . .

(2) The court may remove a personal representative under any of the following circumstances:

(a) Removal is in the best interests of the estate.

(b) It is shown that the personal representative or the person who sought the personal representative's appointment intentionally misrepresented material facts in a proceeding leading to the appointment.

(c) The personal representative did any of the following:

(*i*) Disregarded a court order.

(*ii*) Became incapable of discharging the duties of office.

(*iii*) Mismanaged the estate.

(*iv*) Failed to perform a duty pertaining to the office.

Although the probate court granted summary disposition of the petition to remove and surcharge Woods as personal representative, this decision was essentially a substantive ruling denying the relief requested. We find no basis on which to conclude that the trial court abused its discretion in denying the relief requested. Woods never disregarded a court order, and there is no evidence that Woods mismanaged the estate. Rather, Woods merely defended the estate and himself against Shoaff's lawsuit in the circuit court. A personal representative is authorized by EPIC to "[p]rosecute or defend a claim or proceeding . . . for the protection of the estate and of the personal representative in the performance of the personal representative's duties." MCL 700.3715(x).

MCL 700.3712 provides: "If the exercise or the failure to exercise a power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss *resulting from breach of fiduciary duty* to the same extent as a trustee of an express trust." (Emphasis added.) MCL 700.1308(1) provides, in relevant part: "A fiduciary is liable for a loss to an estate that arises from . . . negligence in the handling of an estate . . . and for misfeasance, malfeasance, nonfeasance, or other breach of duty." But, under MCL 700.1212(1), a personal representative is not a

fiduciary to a creditor. MCL 700.1212(1) provides: "A fiduciary stands in a position of confidence and trust *with respect to each heir, devisee, beneficiary, protected individual, or ward* for whom the person is a fiduciary." (Emphasis added.) Thus, a personal representative may be held liable to interested persons for an improper exercise of his or her powers, or an improper failure to exercise powers, if there is a breach of fiduciary duty. MCL 700.3712.

Woods owed fiduciary duties to the estate's successors, i.e., decedent's heirs. MCL 700.1212(1). MCL 700.1212(1) indicates that Woods, as personal representative of the estate, did *not* have a fiduciary relationship with Shoaff, a creditor. In addition, a claim of breach of fiduciary duty is generally defined as follows: "Damages may be obtained for a breach of fiduciary duty when a 'position of influence has been acquired and abused, or when confidence has been reposed and betrayed.' " *Meyer & Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 47; 698 NW2d 900 (2005) (citation omitted). Shoaff alleged that Woods had a fiduciary duty to creditors. But Shoaff did not allege that a position of influence was acquired and abused or that confidence was reposed and betrayed. Thus, a factual basis for the existence of a fiduciary duty is also absent. Further, the existence of a legal duty is a question of law for the court. *Valcaniant v Detroit Edison Co*, 470 Mich 82, 86; 679 NW2d 689 (2004). Under EPIC, then, a personal representative does not owe creditors a fiduciary duty. MCL 700.1212(1).

In addition, EPIC provides: "A personal representative shall not be surcharged for acts of administration or distribution if the conduct in question was authorized at the time." MCL 700.3703(2). Because Woods

owed fiduciary duties to decedent's heirs, and not to Shoaff, Woods was authorized to try to protect the interests of decedent's heirs, who also happened to be the owners of the entities to which decedent made nonprobate transfers. Although Woods may have been protecting the heirs' interests in their capacity as owners of the nonprobate entities, Shoaff cites no authority suggesting that a fiduciary for heirs cannot protect the heirs' interests in their capacities as other than heirs of the estate.

On the record before us, we find insufficient evidence of mismanagement of the estate by Woods, who merely defended the estate against Shoaff's circuit court action. Therefore, the probate court did not abuse its discretion in denying the petition to remove Woods as personal representative. We also find insufficient authority suggesting that Woods's actions as personal representative, in protecting the interests of heirs, were not authorized at the time. Accordingly, on the record before us, the probate court did not abuse its discretion in denying Shoaff's petition to surcharge Woods as personal representative. The probate court's rulings were within the range of principled outcomes. *Maldonado, supra* at 388.

### 2. THE PETITION TO REMOVE AND SURCHARGE WOODS AS TRUSTEE

MCL 700.7306(2) provides: "*A trustee is personally liable* for an obligation arising from ownership or control of the trust estate property or *for a tort committed in the course of administration of the trust estate only if the trustee is personally at fault.*" (Emphasis added.) Accordingly, a trustee is not liable for a tort committed while administering a trust estate unless the trustee is personally at fault. MCL 700.7306(2). Shoaff has not

alleged that Woods, as trustee, committed a tort while administering the trust or that Woods was personally at fault in committing a tort.

Duty is a question of law. *Valcaniant, supra* at 86. A trustee owes express statutory duties to beneficiaries of the trust. "Except as specifically provided, *the general duty of a trustee to administer a trust expeditiously for the benefit of the beneficiaries* is not altered by this act." MCL 700.7301 (emphasis added). Unlike the duties EPIC imposes on a personal representative, see MCL 700.3703(1)[4] and MCL 700.3805(3),[5] EPIC imposes no duties on trustees to pursue nontrust assets or to use

---

[4] MCL 700.3703(1) provides:

A personal representative is a fiduciary who shall observe the standard of care applicable to a trustee as described in section 7302. A personal representative is under a duty to settle and distribute the decedent's estate in accordance with the terms of a probated and effective will and this act, and as expeditiously and efficiently as is consistent with the best interests of the estate. *The personal representative shall use the authority conferred by this act, the terms of the will,* if any, and an order in a proceeding to which the personal representative is a party *for the best interests of claimants whose claims have been allowed and of successors to the estate*. [Emphasis added.]

[5] MCL 700.3805(3) provides:

If there are insufficient assets to pay all claims in full or to satisfy homestead allowance, family allowance, and exempt property, the personal representative shall certify the amount and nature of the deficiency to the trustee of a trust described in section 7501(1) for payment by the trustee in accordance with section 7502. If the personal representative is aware of other nonprobate transfers that may be liable for claims and allowances, then, unless the will provides otherwise, the personal representative shall proceed to collect the deficiency in a manner reasonable under the circumstances so that each nonprobate transfer, including those made under a trust described in section 7501(1), bears a proportionate share or equitable share of the total burden.

their authority for the benefit of allowed claimants.[6]
Therefore, Woods, as trustee, as a matter of law owed no
duty to use his authority conferred by EPIC for the
benefit of allowed claimants like Shoaff. Because Woods
as trustee owed no such duty to Shoaff, the probate
court did not abuse its discretion in denying Shoaff's
request to remove or surcharge Woods as trustee. On
the record before us, the trial court's ruling was within
the range of principled outcomes. *Maldonado, supra* at
388.

### D. REQUEST FOR ASSIGNMENT TO A NEW PROBATE JUDGE

Shoaff finally argues that these actions should be
reassigned to a different judge on remand. In light of
our affirmance of the probate court's orders, this issue
is moot. *Ewing v Bolden*, 194 Mich App 95, 104; 486
NW2d 96 (1992).

### IV. CONCLUSIONS

In the estate action, the probate court did not abuse
its discretion in denying Shoaff's request to remove
Woods as personal representative, because there was
insufficient evidence of that Woods mismanaged the
estate. The probate court did not abuse its discretion in
denying Shoaff's request to surcharge Woods as per-
sonal representative, because Shoaff failed to show that
Woods's actions as personal representative were not
authorized at the time. In the trust action, the probate
court did not abuse its discretion in denying Shoaff's
request to remove and surcharge Woods as trustee,
because Shoaff did not allege that Woods as trustee

---

[6] In this situation, "allowed claimants" means "claimants whose claims
have been allowed . . . ." MCL 700.3703(1).

committed a tort and because Woods as trustee owed no fiduciary or statutory duty to Shoaff.

Affirmed.

SERVITTO, J. *(concurring in part and dissenting in part)*. While I agree with the majority with respect to jurisdiction and the probate court's authority to sua sponte grant summary disposition, I would reverse the probate court's dismissal of the petition to remove and surcharge Woods as personal representative.

The majority states that under MCL 700.1212(1), a personal representative is not a fiduciary to a creditor. While that may be true, MCL 700.1308(1) provides that a fiduciary

> is liable for a loss to an estate that arises from embezzlement by the fiduciary; for a loss through commingling estate money with the fiduciary's money; for negligence in the handling of an estate; for wanton and willful mishandling of an estate; for loss through self-dealing; for failure to account for an estate; for failure to terminate the estate when it is ready for termination; and for misfeasance, malfeasance, nonfeasance, or other breach of duty.

MCL 700.3703(1) additionally provides:

> A personal representative is a fiduciary who shall observe the standard of care applicable to a trustee as described by section 7302. . . . The personal representative shall use the authority conferred by this act, the terms of the will, if any, and an order in a proceeding to which the personal representative is party for the best interests of claimants whose claims have been allowed and of successors to the estate.

Finally, if the exercise of or failure to exercise a power concerning the estate is improper, the personal representative is liable to interested persons for damage or

loss resulting from the breach of a fiduciary duty to the same extent as the trustee of an express trust. MCL 700.3712.

Petitioner is undoubtedly an "interested person" for purposes of the Estates and Protected Individuals Code, see MCL 700.1105(c), and filed a petition against Woods, as a personal representative, for alleged wrong-doings that resulted in a loss to decedent's estate. While Woods may not have owed a *fiduciary* duty to a creditor, he may nevertheless owe *a* duty and be liable to a creditor for a loss to the estate arising from the breach of a duty owed to the estate. Given petitioner's allegations of negligence that led to a loss to the estate, petitioner has stated a claim under MCL 700.1308(1) and MCL 700.3712 against Woods. I would therefore reverse on this issue.