# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF WARD.

---

JAMES V. WARD III,

        Appellant,

v

KAREN POWERS and ELIAS KAFANTARIS,
Personal Representative of the ESTATE OF
JAMES V. WARD, JR.,

        Appellees.

UNPUBLISHED
January 9, 2018

No. 335438
Ingham Probate Court
LC No. 13-000639-DA

---

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Appellant, James V. Ward III, appeals as of right a probate court order denying his motion to remove and surcharge the estate's personal representative, Elias Kafantaris.[1] Ward challenges the probate court's refusal to remove or surcharge Kafantaris. We affirm.

## I. BACKGROUND

In earlier litigation, the probate court determined that Ward offered to probate an invalid will, which purported to leave virtually the decedent's entire estate to Ward. This Court affirmed the probate court's denial of Ward's motion to set aside that judgment. *In re Estate of James V Ward, Jr*, unpublished per curiam opinion of the Court of Appeals, issued October 6, 2016 (Docket Nos. 327991 & 329132).

While that appeal was pending, Kafantaris, as personal representative of the estate, filed a petition for approval of the sale of certain estate property, including the decedent's house in Eaton Rapids, along with the personal property on the premises. In the petition, Kafantaris acknowledged that selling the property to pay the taxes was no longer necessary because Ward

---

[1] Appellee Karen Powers, the decedent's daughter, has not filed a brief on appeal.

-1-

paid the taxes, but, Kafantaris added, the estate faced a nuisance action from the township and a civil trespass action from a neighbor if the house were not sold and the property cleaned up. At the hearing that followed, Kafantaris stated that he was asking the probate court for "some direction," given Ward's position that the filing of the appeal prompted an automatic stay and Ward's intention to keep the property in kind if this Court determined that the will was valid. The probate court entered an order that day approving the sale, reasoning that the Court of Appeals had not issued a written stay order.

Ward then filed a motion in this Court to enforce the automatic stay. Ward provided Kafantaris with notice in the matter, but Kafantaris proceeded with the sale. One week later, this Court granted Ward's motion to enforce the automatic stay. *In re Ward Estate*, unpublished order of the Court of Appeals, entered June 20, 2016 (Docket Nos. 327991 & 329132).

Ward thereafter filed a motion to rescind the sale of the real property, to remove Kafantaris as personal representative, and to surcharge Kafantaris for the value of personal property Ward claimed had been sold. The probate court denied the motion, ruling that Kafantaris "has not breached his standard of care," having sold the property in accord with the court's order, over which no objections had been filed. The probate court declined to surcharge Kafantaris because he did not mismanage the estate but acted appropriately and prudently to administer the estate. The probate court additionally rejected the rescission claim because "Ward was not a party to the action."

## II. STANDARD OF REVIEW

The probate court's decision whether to remove or surcharge a personal representative is reviewed for an abuse of discretion. *In re Duane v Baldwin Trust*, 274 Mich App 387, 397; 733 NW2d 419 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

## III. REMOVAL OF PERSONAL REPRESENTATIVE

MCL 700.1308(1) states that "[a] violation by a fiduciary of a duty the fiduciary owes to an heir, devisee, beneficiary, protected individual, or ward for whom the person is a fiduciary is a breach of duty." MCL 700.1308(1) authorizes several remedies for such a breach, including removal of the fiduciary under subsection (g). MCL 700.3611(1) states that "[a]n interested person may petition for removal of a personal representative for cause at any time." Subsection (2) sets forth grounds for removal, including the best interests of the estate, under subdivision (a), and mismanagement of the estate, under subdivision (c)(*iii*).

At the relevant time, MCL 600.867(1) stated, "[a]fter an appeal is claimed and notice of the appeal is given at the probate court, all further proceedings in pursuance of the order,

-2-

sentence, or judgment appealed from shall cease until the appeal is determined," but for exceptions inapplicable to this case.[2]

While Ward's claim of appeal in the prior case challenging the validity of the will was pending, Ward moved this Court to enforce the automatic stay and to order the probate court to prohibit the sale of the properties. Ward cited MCL 600.867(1) and no other authority to support this motion. Appellee Karen Powers responded by arguing that MCL 600.867 concerns only "proceedings," meaning "legal proceedings," so it did not prevent the personal representative from administering the estate, including requesting guidance about the sale of the property even though he did not need the probate court's permission to proceed with the sale.

This Court's order granting Ward's motion consisted of a single sentence: "The Court orders that the motion to enforce automatic stay is GRANTED." Thus, the order did not indicate whether this Court regarded the scope of the stay as preventing only further courtroom litigation, as Powers argued, or reaching the proposed sale of estate property, as Ward argued. The applicability of the automatic stay of MCL 600.867(1) became law of the case,[3] but whether it should have prevented the sale in question remains a matter of controversy. We need not answer that question for purposes of this appeal because Ward is no longer seeking rescission of the sale, even while arguing on appeal that Kafantaris's decision to proceed with the sale under the circumstances constituted mismanagement of the estate and a breach of his fiduciary duties. We agree with the probate court that Kafantaris exercised due prudence in the matter.

A decedent's estate's personal representative is obliged to administer the estate "as expeditiously and efficiently as is consistent with the best interests of the estate." MCL 700.3703(1). This directive includes exercising the discretion to sell estate property and taking advantage of opportunities to do so—whether or not under the pressure of an urgent need for cash flow. Having sought guidance from the probate court in light of Ward's assertion of a stay in place under MCL 600.867(1), Kafantaris was not derelict in his duties for having acted in conformance with the probate court's apparent determination that MCL 600.867(1) did not prevent that aspect of continued estate administration. Further, it was not unreasonable for Kafantaris to act as if there was little likelihood that this Court's jurisprudence would undercut his authority in the matter, and to the extent that Kafantaris thus gambled, he succeeded. Neither this Court's order enforcing the automatic stay, which did not clearly cover sale of the property, nor this Court's eventual decision affirming the determination that the will was invalid proved incompatible with Kafantaris's sale of the house in the first instance. For these reasons, Ward

---

[2] Effective September 27, 2016, this provision was amended to stay further proceedings "for a period of 21 days or, if a motion for stay pending appeal is granted, until the appeal is determined." See 2016 PA 186.

[3] "Under the law of the case doctrine, an appellate court ruling on a particular issue binds the appellate court and all lower tribunals with regard to that issue. The law of the case mandates that a court may not decide a legal question differently where the facts remain materially the same." *Webb v Smith (After Second Remand)*, 224 Mich App 203, 209; 568 NW2d 378 (1997) (citations omitted).

fails to show that the probate court's denial of his motion to remove Kafantaris as personal representative fell outside the range of reasonable outcomes.

## IV. SURCHARGE OF PERSONAL REPRESENTATIVE

MCL 700.1308(1)(c) authorizes the probate court to compel a fiduciary "to redress a breach of duty by paying money, restoring property, or other means." However, "[a] personal representative shall not be surcharged for acts of administration or distribution if the conduct in question was authorized at the time." MCL 700.3703(2). In this case, before the parties began disputing the disposition of the property at issue, the probate court entered an order granting Kafantaris "authority to sell any or all property located at any of the estate properties." Then, at the hearing on Kafantaris's petition to sell real property, the probate court agreed with Kafantaris that all personal property located within the estate's real property was itself considered estate property "until decided otherwise."

Ward protests that the probate court did not make any determination regarding ownership of the personal property in question, but he nowhere suggests that the probate court was ever properly asked to make any such determination. Ward cites no authority for the proposition that a court is obliged sua sponte to convene an evidentiary hearing or otherwise initiate litigation of such a factual question.

The probate court entered an order authorizing Kafantaris "to sell any or all property located at any of the estate properties." Kafantaris sought and received the probate court's approval to sell the real property at issue despite Ward's protestations concerning a statutory stay. Kafantaris also established in open court the presumption that all personal property thereupon was estate property unless and until the court determined otherwise. For these reasons, we conclude that Kafantaris sold the subject personal property along with the subject real property with the probate court's authorization. Accordingly, Kafantaris neither breached a fiduciary duty in the matter nor exposed himself to surcharge.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle

-4-