*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* TRUEMAN HARRISON AND MODESTA
HARRISON TRUST.

---

DEBRA KRUSE, Trustee,

      Appellant,

v

ELIZABETH HARRISON, Personal Representative
of the Estate of Kenneth Harrison and Special
Fiduciary of the Trueman Harrison and Modesta
Harrison Trust.

      Appellee.

UNPUBLISHED
January 22, 2025
2:36 PM

No. 368031
Alpena Probate Court
LC No. 19-016761-TV

---

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Appellant appeals as of right the probate court's order removing her as trustee of the Trueman Harrison and Modesta Harrison Trust and appointing appellee, Elizabeth Harrison, Personal Representative of the Estate of Kenneth Harrison, as special fiduciary. Appellant argues the probate court erred by removing her as trustee because the court denied her due process of law by not providing her with notice and an opportunity to be heard on the issue of her removal, and that it erred by appointing appellee as special fiduciary because the terms of the trust indicated that the second successor trustee was to be Barbara Chandler (another trust beneficiary), and because the trust also indicated that a majority of the beneficiaries would vote to appoint a trustee in the

-1-

event that the successor trustees could not serve. We affirm the probate court's order removing appellant as trustee and appointing appellee as special fiduciary.[1]

## I. BACKGROUND

On October 14, 2005, Grantors Trueman Harrison and Modesta Harrison created the "Trueman Harrison and Modesta M. Harrison Trust," which was subsequently amended in 2006. Trueman Harrison and Modesta Harrison were named as trustees. Subsequent to the death of Trueman Harrison, Modesta Harrison again amended the trust in 2016. In the 2016 amended trust, Modesta Harrison was named as trustee, appellant Debra Kruse was named as first successor trustee, Barbara Chandler was named as second successor trustee, and the final trustee in order of succession was to be decided by a majority of beneficiaries (a parent or legal guardian was to vote for any minor beneficiaries with the children of any deceased beneficiaries collectively having only one vote). After the death of Modesta Harrison on October 15, 2017, appellant succeeded her as trustee. On July 29, 2021, one of the beneficiaries of the trust, Kenneth Harrison, died and appellee Elizabeth Harrison was appointed as Personal Representative of the Estate of Kenneth Harrison, deceased.

The trustee filed a petition with the probate court for partial supervision of the trust for the purpose of closing the trust, approving distribution of trust assets, and enforcing a prior settlement.[2] At the hearing for the trustee's petition, on January 14, 2022, the probate court said it would order the trustee to make a $25,000 distribution to each current beneficiary, but no distribution was to be made to the Estate of Kenneth Harrison, because there was a dispute between the parties as to whether she was entitled to a distribution.[3] On February 11, 2022, after one of the parties alerted the court to the fact that it had not actually issued the written order, the court issued an order stating that the distributions were to be made no later than Friday, February 18, 2022.

On March 7, 2022, appellee, in her capacity as personal representative of the Estate of Kenneth Harrison, filed a motion for summary disposition alleging, in relevant part, that the distributions that were ordered to occur on February 11, 2022 had not been made, and requesting that the probate court order that the personal representative was entitled to one-sixth of the balance of the trust. On April 6, 2022, the trustee filed an ex parte motion to adjourn the hearing on the

---

[1] To avoid confusion, we note that Elizabeth Harrison has two roles in this case. First, she is a trust beneficiary, solely in her capacity as Personal Representative of the Estate of Kenneth Harrison, deceased. Second, she is the duly appointed Special Fiduciary of the Trueman Harrison and Modesta Harrison Trust.

[2] The prior settlement involved a dispute between appellant and Kenneth Harrison, Michael Harrison, David Harrison, and Kathleen Linder.

[3] The trustee argued that, pursuant to the terms of the trust, Kenneth Harrison's share of the remaining distributions had to be reallocated to the other beneficiaries because he died before the final distribution was made. Ms. Harrison, in her capacity as Personal Representative of the Estate of Kenneth Harrison argued that a plain reading of the trust document indicated that she was entitled to the distribution, as Personal Representative of his estate, because Kenneth Harrison survived Modesta Harrison.

motion for summary disposition, which was scheduled to occur on April 8, 2022, due to medical issues alleged by the former trustee's counsel, Michelle Elowski, and also requested that the court extend the date by which appellant could file an answer, which she had thus far failed to file. That same day, the probate court adjourned the hearing to May 13, 2022 and ordered the answer to be filed by April 29, 2022. On September 6, 2022, the probate court entered an order granting the personal representative's motion for summary disposition pursuant to MCR 2.116(C)(10) by holding that petitioner was entitled to one-sixth (1/6) of the estate, denying petitioner's motion for summary disposition pursuant to MCR 2.116(C)(8), and ordering the trustee to file an amended distribution schedule within 14 days.

On October 21, 2022, a motion for order to show cause was filed by the personal representative, and an order granting the motion was entered on October 25, 2022, requiring the trustee to appear before the probate court and show cause as to why she should not be held in civil contempt for failing to make the previously ordered distributions to the interested parties and failing to file the amended distribution schedule as previously ordered by the court. On December 9, 2022, a stipulated order was entered by the probate court ordering the trustee to make distributions in the amount of $25,000 to the five beneficiaries set forth in the prior distribution order, requiring the trustee to file a proposed final accounting within 14 days, and indicating that a status conference would be set after receipt of the accounting and distributions. The hearing on the order to show cause was adjourned to the date of the status conference.

On January 19, 2023, a status conference and hearing on the motion for order to show cause was scheduled to take place on February 3, 2023. At the hearing on February 3, 2023, the probate court ordered the distributions to be processed by February 6, 2023, ordered an interim accounting to be filed by February 10, 2023, and indicated that failure to make the distributions could result in the offending party being held in contempt and/or assessed financial sanctions (that order was entered on February 8, 2023).

The Deputy Probate Register subsequently filed yet another motion for order to show cause due to the trustee's failure to file the accounting, which the probate court granted on February 20, 2023. In response, the trustee filed an accounting. The personal representative objected to the accounting on multiple bases, including the fact that the ordered amended distribution schedule had not been filed and that multiple beneficiaries had not received the ordered $25,000 distribution. For example, the objection stated that the Estate of Kenneth Harrison had received a $25,000 distribution on February 7, 2023, but at least three of the other beneficiaries had not received distributions.

On March 6, 2023, appellant filed a delayed application for leave to appeal the September 6, 2022 order of the probate court, which was denied by this Court on July 24, 2023.[4]

---

[4] *In re Trueman Harrison and Modesta Harrison Trust*, unpublished order of the Court of Appeals, entered July 24, 2023 (Docket No. 365211).

The hearing for the personal representative's objection to the accounting filed by the trustee was scheduled for April 14, 2023, but was adjourned by stipulation to May 5, 2023, pursuant to the request of appellant's counsel, Elowski.

On August 11, 2023, the personal representative filed a motion to compel answers to interrogatories and produce documents that had been served on the trustee on May 31, 2023, which she had failed to answer, including documents verifying the amount and existence of funds being held by the trust. A hearing for the motion to compel was scheduled for September 1, 2023, and notice of that hearing was emailed and mailed to appellant's counsel, Elowski, three weeks prior to the hearing. On the date of the hearing, Elowski once again requested an adjournment, and the Estate of Kenneth Harrison stipulated to adjourn the hearing to September 29, 2023.

About an hour before the hearing on September 29, 2023, Elowski filed an ex parte motion to adjourn the hearing, again alleging a medical emergency. The probate court conducted the hearing, which neither the trustee nor her counsel attended. The court denied the ex parte motion to adjourn. Appellee's counsel requested the appointment of a special fiduciary, pursuant to MCL 700.1309 and MCR 5.204, citing multiple reasons. He noted that, after the sale of real property by the trustee in 2020, trust monies were deposited into Elowski's IOLTA account, which she had disclosed on the record in probate court proceedings. Appellee's counsel said there had been no effort since 2020 to close the administration of the trust. He also stated that it had been two years since the court ordered partial distributions in the amount of $25,000 to each of the beneficiaries, but only one distribution had been received (i.e., the $25,000 received by appellee).

Appellee's counsel further noted that the court was aware of other parallel matters in which appellant's counsel, Elowski, was holding money that did not belong to her, and it had been requested in those matters that the monies be returned to the entities to which they belonged. Finally, in response to his request for documents verifying the trust assets, Elowski gave counsel for the personal representative a redacted statement showing money in a checking account, not an IOLTA account, and that it was not known who owned the checking account because that information was redacted. Further, the money appeared to be comingled with other monies because the amount was slightly more than what would have been expected to be in the account containing the trust assets for the present matter, but was far less than the total amount of money Elowski was alleged to be required to return to the present trust and another estate, i.e., it appeared that the funds were insufficient to satisfy her obligation to return funds to both of the two estates.

The court indicated that it would appoint a special fiduciary, but noted that there was no county public administrator available for that purpose, and there might not be money available to pay a special fiduciary. Accordingly, the court appointed appellee as the special fiduciary. The court's written order stated that the request for appointment of a special fiduciary was first made as a part of the Estate of Kenneth Harrison's objection to accountings filed on March 29, 2023, and that it was appointing Elizabeth Harrison as special fiduciary pursuant to MCL 700.1309 and MCR 5.204. The court also ordered the trustee and Elowski to transfer the trust's remaining funds to the special fiduciary. This appeal followed.

Before addressing the trustee's arguments on appeal, we will briefly summarize relevant additional proceedings that took place in the probate court subsequent to the filing of the claim of

appeal.[5]  On October 6, 2023, the special fiduciary filed a motion for order to show cause and petition for surcharge of the trustee.  Appellant then filed a motion for stay of proceedings.  At a hearing regarding these matters, conducted on October 20, 2023, the probate court took notice of the automatic 21 day stay that began on October 5, 2023, upon the filing of the claim of appeal, which would continue until October 27, 2023.  The motion for order to show cause was rescheduled for November 3, 2023.

On November 3, 2023, the probate court heard three motions, a motion for contempt filed by the special fiduciary, a petition to surcharge fiduciary filed by the special fiduciary, and a motion to stay filed by the trustee.  Appellant's counsel, Elowski, appeared via videoconference, despite the fact that she did not have permission to appear remotely.  After the court asked Elowski when she would be able to return to the practice of law, she terminated the videoconference.  The court then entered an order holding that the motion for stay was denied, the petition to surcharge the fiduciary was to be rescheduled to December 1, 2023, and a contempt hearing was to be heard on November 8, 2023.

On November 6, 2023, the probate court entered an order finding Elowski in direct contempt of court for terminating her appearance at the hearing, via videoconference, without permission.

On December 28, 2023, the probate court entered an order holding Elowski (but not the former trustee) in contempt and ordered her to be confined to jail, but held that order in abeyance pending de novo review by the circuit court.  The circuit court denied Elowski's motion for de novo review on January 5, 2024.  On January 8, 2024, a bench warrant was issued for Elowski.

At another contempt hearing on February 12, 2024, Elowski testified under oath that she did not have any of the $270,908.36 that was owed to the trust.  As a result, the probate court found that coercive jail was no longer appropriate because Elowski did not presently have the ability to comply with the court's order to transfer the proceeds to the special fiduciary.  On March 11, 2024, the probate court sentenced Elowski to 93 days in jail for direct contempt with 48 days in jail held in abeyance provided that she complete paperwork necessary for substitutions of counsel to be filed in approximately 12 files.  On November 3, 2023, this Court denied Elowski's motion to stay enforcement of judgment of contempt.  *In re Trueman Harrison and Modesta Harrison Trust*, unpublished order of the Court of Appeals, entered November 3, 2023 (Docket No. 368031).

## II.  STANDARD OF REVIEW

Whether a party was given sufficient notice to satisfy due process is a question of law reviewed de novo.  *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 503; 536 NW2d 280 (1995).  "A probate court's decision whether to remove a trustee is reviewed for an abuse of discretion."  *In re Duane Baldwin Trust*, 274 Mich App 387, 396; 733 NW2d 419 (2007).  "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome.

---

[5] Pursuant to MCR 5.801(A)(2), the removal of a fiduciary or trust director as defined in MCL 700.7103(m) is a final order for which a party or interested person has an appeal of right.

-5-

. . . [W]hen the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citations omitted).

### III. APPOINTMENT OF A SPECIAL FIDUCIARY

We start by recognizing that "[u]nless an interested person invokes court jurisdiction, the administration of a trust shall procede expeditiously, consistent with the terms of the trust, free of judicial intervention and without court order, approval or other court action. Neither registration nor a proceeding concerning a trust results in continued supervisory proceedings." MCR 5.501(B). In the present case, the trustee invoked the probate court's jurisdiction when she filed the petition for partial supervision of the trust.

On appeal, appellant first argues that the probate court violated her right to due process by appointing a special fiduciary because she did not receive prior notice that the court would consider such an appointment and she was not given an opportunity to be heard on the issue. Considering the extreme nature of the facts of this case, where the former trustee hired an attorney who appears to have embezzled all of the trust proceeds, who appears to have attempted to hide the embezzlement by repeatedly asking for adjournment of hearings that could have brought that issue to light, and who failed to distribute trust proceeds to beneficiaries despite multiple court orders directing her to make those distributions, we cannot say that the probate court abused its discretion by appointing a special fiduciary and suspending the powers of the trustee.[6]

The court correctly relied upon MCL 700.1309, which allows the court to appoint a special fiduciary upon reliable information received from an interested person. Specifically, MCL 700.1309 states:

> Upon reliable information received from an interested person, county or state official, or other informed source, including the court's files, the court may enter an order in a proceeding to do either or both of the following:
>
> (a) Appoint a special fiduciary to perform specified duties.
>
> (b) Enjoin a person subject to the court's jurisdiction from conduct that presents an immediate risk of waste, unnecessary dissipation of an estate's or trust's property, or jeopardy to an interested person's interest. Under this subdivision, the court shall not enjoin a respondent in a proceeding to appoint a guardian or conservator or enjoin a ward or protected individual. An enjoined person shall be

---

[6] We note that, pursuant to MCL 700.7706, the court also would have been empowered to *remove* the trustee on its own initiative if it determined that the trustee committed a serious breach of trust. Here the court appointed a special fiduciary, which suspended the powers of the trustee, and ordered that the special fiduciary serve until administration was completed and the estate was closed.

given a prompt hearing, if requested, to show cause why the order should be terminated.

The court also correctly relied upon MCR 5.204, which allows the court to appoint a special fiduciary on its own initiative and without notice, and which suspends the power of the general fiduciary unless the court orders otherwise. MCR 5.204 states:

(A) Appointment. The court may appoint a special fiduciary or enjoin a person subject to the court's jurisdiction under MCL 700.1309 on its own initiative, on the notice it directs, or without notice in its discretion.

(B) Duties and Powers. The special fiduciary has all the duties and powers specified in the order of the court appointing the special fiduciary. Appointment of a special fiduciary suspends the powers of the general fiduciary unless the order of appointment provides otherwise. The appointment may be for a specified time and the special fiduciary is an interested person for all purposes in the proceeding until the appointment terminates.

Although there is no evidence in the record demonstrating that appellant was involved with the embezzlement, she hired the attorney who embezzled the money, she transferred money from the trust account to an account controlled by the attorney, and she is potentially liable to the trust.[7] Although the probate court did not know the extent of the embezzlement at the time of its order, the record is clear that the trustee and her attorney failed to provide verification of the trust's funds, failed to make ordered distributions, failed to comply with multiple other orders, and failed to comply with the Michigan Court Rules as described above.

Appellant argues that, despite the existence of the above-referenced statute and court rule, which authorized the court to appoint a special fiduciary, it nonetheless abused its discretion by violating the trustee's right to procedural due process because she was not given notice that the court would consider appointment of a special fiduciary, i.e., that she was not given an opportunity to be heard on the subject. Again, we disagree.

While the meaning of the Due Process Clause and the extent to which due process must be afforded has been the subject of many disputes, there can be no question that, at a minimum, due process of law requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard. To comport with these procedural safeguards, the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." [*Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014) (footnote and citation omitted)].

The record in this matter rebuts the trustee's argument that she was not given an opportunity to be heard. First, her attorney was given notice (on her behalf) of the motion to compel discovery that

---

[7] For the purpose of clarity, we note that the issue of whether appellant is liable to the trust or the beneficiaries is not before this Court and we have made no determination on that issue.

occurred on September 29, 2023, where the primary issue to be addressed was her failure to provide documentation verifying the existence and amount of the funds in the trust, and where she had also failed to comply with multiple court orders to distribute funds to the beneficiaries. Despite that notice, the trustee and her attorney failed to attend the hearing. Considering the above circumstances, the trustee either knew or should have known that her failure to attend that hearing would force the probate court to act, which could include the appointment of a special fiduciary.[8] Second, her argument ignores the fact that she could have filed a motion for reconsideration of the court's order, pursuant to MCR 2.119(F), yet failed to do so. Third, her argument ignores the fact that she filed a motion to stay proceedings (after filing her claim of appeal), that a hearing occurred regarding that motion (as well as other matters) on November 3, 2023, and that her attorney, Elowski, attended that hearing, terminated her videoconference connection in the middle of the hearing, and was held in direct contempt as a result. Under these circumstances, we cannot find that the trustee was not given an opportunity to be heard as it pertained to the appointment of a special fiduciary, i.e., the record does not demonstrate that she was denied her right to procedural due process.

IV. APPOINTMENT OF SUCCESSOR TRUSTEE

Appellant also argues that, even if the probate court did not abuse its discretion by appointing a special fiduciary, it should have appointed a special fiduciary pursuant to the terms of the trust, which named Barbara Chandler as the second successor trustee. Appellant also argues that, if Barbara Chandler could not serve, then the trust required that the new fiduciary be appointed pursuant to a vote of the beneficiaries. We disagree.

MCL 700.1309 does not limit the court's discretion on the issue of who it may appoint as a special fiduciary. Despite the trustee's assertion that the court should have appointed one of the successor trustees named in the trust, as special fiduciary, she cites to no portion of the Estates and Protected Individuals Code (EPIC) indicating that the court was required to do so and fails to direct this Court to any case in support of her position. Likewise, MCR 5.204 contains no provision suggesting, in a case where a will or trust names a successor trustee (or personal representative), that the court must appoint one of those named persons as a special fiduciary. At the time of the hearing, the court did not address the issue of the successor trustees named in the trust; however, the record supports the conclusion that the court selected one of multiple reasonable and principled outcomes. See *Maldonado*, 476 Mich at 388. Initially, the court considered appointing a public administrator or some other third party, but said the county had no public administrator available, and counsel for appellee advised that there was likely no money available in the trust to pay a subsequent fiduciary.[9] Under these circumstances, we defer to the trial court's judgment and hold

---

[8] By the time of this hearing, more than a year and half had passed since the court ordered the distributions that the trustee failed to make. The court on its own initiative could have appointed a special fiduciary long prior to September 29, 2023. In the de novo review that occurred in this matter, the circuit court noted that the probate court showed restraint as it pertained to the trustee. We agree, rather than violate her due process rights, the probate court gave the trustee opportunities to correct deficiencies, time and again, before it finally appointed a special fiduciary.

[9] See MCL 720.202 and 720.206.

that it did not abuse its discretion by appointing appellee as special fiduciary, instead of a successor trustee named in the trust.  See *id*.

Affirmed.


/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace