*In re* KRAMEK ESTATE

Docket Nos. 253895, 254375. Submitted September 14, 2005, at Detroit. Decided November 3, 2005, at 9:00 a.m.

June Katzen petitioned the Macomb County Probate Court for approval and construction of an estate settlement agreement concerning the estate of her deceased mother, Loretta P. Kramek, and for the appointment of a guardian ad litem (GAL) for the decedent's grandchildren. Katzen had entered into the agreement with the decedent's other children, Lorraine Brown and David Kramek. Kramek was also the personal representative of the estate. Brown and Kramek raised objections to the inclusion of certain real property in Otsego County within the agreement's scope. Kramek also objected to participation by the GAL. The court, M. John Shamo, J., permitted the GAL to continue representing the grandchildren at the hearing, and entered an order approving the agreement with the Otsego property included. The court also entered an order removing Kramek as personal representative. Kramek appealed the orders separately, and the Court of Appeals granted his motion to consolidate the appeals.

The Court of Appeals *held*:

1. MCL 700.3914, which applies when parties who are competent successors enter into an agreement to alter the terms of a will, is the governing statute in this case rather than MCL 700.7207, which applies when parties enter into an agreement to interpret, construe, modify, or otherwise alter the terms of a trust. While the decedent's will directed that the Otsego property be placed in trust, a trust was not created before the decedent's death or before the settlement agreement was executed. Therefore, the agreement altered the terms of the will.

2. The proceedings were conducted in compliance with MCL 700.3914. That statute did not require appointment of a GAL to represent the grandchildren before the agreement was executed. While such a course could have been followed, the statute only requires that a representative be appointed for interested persons to the agreement who are minors or incapacitated individuals and that the representative be given notice of the agreement. Thereafter, the court may order that representative to sign and enter

into the agreement if it is made in good faith and appears just and reasonable. The probate court complied with the statute's requirements, and the grandchildren were represented by both an attorney and the GAL at the hearing, both of whom signed the order approving the agreement.

3. The probate court did not err when it reviewed extrinsic evidence to resolve a latent ambiguity in the agreement. Generally, parol evidence is not admissible to vary the terms of a contract that is clear and ambiguous. If a latent ambiguity exists in a contract, however, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid to the construction of the contract. The agreement required Kramek as the personal representative to marshal the decedent's "gross estate" as defined in the Internal Revenue Code, which would clearly include the Otsego property. Kramek could not pool this property with the decedent's other property, however, without amending the will pursuant to MCL 700.3914. Thus, the apparently clear intent of the agreement was made unclear by the language of the will itself and the requirements of MCL 700.3914. While the language employed in the agreement is clear and intelligible and suggests but a single meaning, extrinsic factors created a necessity for interpretation regarding whether the parties intended to include the Otsego property, and the court properly resorted to extrinsic evidence.

4. Katzen was an interested person entitled to petition for removal of Kramek as personal representative under MCL 700.3611. The probate court, however, abused its discretion in removing Kramek. While MCL 700.3611 broadly permits removal of a personal representative when it is in the best interests of the estate, the court did not cite a legitimate basis for Kramek's removal. It is a normal occurrence for a person taking under a will to serve as a personal representative even when the will is contested, and a disagreement about the meaning of the terms of a settlement agreement is an ordinary occurrence in probate matters. Kramek's role as personal representative was not tainted by a conflict of interest merely because he disputed the agreement's terms. Nor was there a basis for the court's conclusion that Kramek's role as personal representative was complicating the dispute or unduly burdening the estate financially. The record shows an ordinary estate dispute that was handled expeditiously by the parties and the court.

Order approving the agreement affirmed, order removing Kramek reversed, and case remanded for further proceedings.

1. WILLS — ESTATE SETTLEMENT AGREEMENTS — APPOINTMENT OF GUARDIAN AD LITEM.

    The provision of the Estates and Protected Individuals Code that permits competent successors to agree to alter the interests to which they are entitled under a will requires that a representative be appointed for an interested person to the agreement who is a minor or an incapacitated individual and that the representative be given notice of the agreement, after which the probate court may order the representative to sign and enter into the agreement if it is made in good faith and appears just and reasonable; the statute does not require that the representative be appointed before the successors execute the agreement (MCL 700.3914).

2. EVIDENCE — CONTRACTS — EXTRINSIC OR PAROL EVIDENCE — LATENT AMBIGUITIES.

    Parol evidence is generally not admissible to vary the terms of a contract that is clear and unambiguous, but if a latent ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid to the construction of the contract.

*Murray & Bond, P.C.* (by *E. Patrick Murray*), for David Kramek.

Before: FITZGERALD, P.J., and COOPER and KELLY, JJ.

PER CURIAM. In these consolidated appeals, respondent David Kramek (Kramek) appeals two orders issued by the trial court in connection with the estate of his deceased mother, Loretta Pat Kramek. In Docket No. 254375, he appeals the trial court's order approving an estate settlement agreement between decedent's children: Kramek, June Katzen, and Lorraine Brown. In Docket No. 253895, Kramek appeals the trial court's order removing him as personal representative of the estate. We affirm the order approving the estate settlement agreement, reverse the order removing Kramek as personal representative, and remand for proceedings consistent with this opinion.

I. FACTS

Decedent's will provided:

> I direct that all real property that I own at the time of my
> death, in Otsego County, be placed in trust for the use of my
> children, DAVID KRAMEK and LORRAINE BROWN and
> their families and anyone they would wish to enjoy it. At the
> time of the death of the survivor of DAVID KRAMEK AND
> LORRAINE BROWN, the real property in Otsego County
> would then go to the surviving child/children of DAVID
> KRAMEK and LORRAINE BROWN, fifty percent (50%) to go
> to DAVID's child/children and fifty percent (50%) to go to
> LORRAINE's child/children.

The residue of the estate was divided equally between
Kramek and Brown. The will further provided that, if
either Kramek or Brown predeceased decedent, that
individual's share would go to his or her children, to be
held in trust and distributed to each child, 50 percent at
age 30 and 50 percent at age 35. Decedent named
Kramek as trustee of this trust. The will also nominated
Kramek as personal representative. Decedent be-
queathed to Katzen $5.

Decedent died on April 7, 2003. On April 14, 2003,
Kramek filed an application for informal probate. On
April 15, 2003, Kramek, Brown, and Katzen entered
into an estate settlement agreement.

On October 2, 2003, Katzen filed a petition for
approval and construction of the estate settlement
agreement. Katzen also requested that a guardian ad
litem (GAL) be appointed to ensure the protection of
decedent's grandchildren.

In response, Kramek asserted that the estate settle-
ment agreement did not include the real estate in
Otsego County (the Otsego property). He also requested
that the GAL be discharged because the grandchildren

were represented by another attorney, John Mabley, who also represented Brown.

Brown asserted in response that the agreement "contemplates" that the trust for the Otsego property not be created, but that the property instead be divided among Katzen, Kramek, and Brown equally. Brown asserted that the agreement, "if given effect by this court," would extinguish the rights of decedent's grandchildren. She asserted that the grandchildren were not represented when the agreement was negotiated and executed. On this basis, Brown requested that the court determine that the provisions of the agreement that affect the Otsego property be held unenforceable. But she requested that the remainder of the agreement be approved.

The trial court permitted the GAL to continue representing decedent's grandchildren. After a hearing, the trial court entered an order approving the agreement with the Otsego property included and holding the provision concerning it enforceable. The trial court also entered an order removing Kramek as personal representative.

## II. ANALYSIS

Kramek first contends that the trial court either failed to apply or misapplied MCL 700.3914. We disagree. The proper application of a statute presents a question of law that we consider de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

Preliminarily, we resolve whether MCL 700.3914 or MCL 700.7207 applies to this case. MCL 700.3914 provides:

(1) Subject to the rights of creditors and taxing authorities, competent successors may agree among themselves to

alter the interests, shares, or amounts to which they are entitled under the will of the decedent, or under the laws of intestacy, in any way that they provide in a written agreement executed by all who are affected by its provisions. If there is, or may be, an interested person to the agreement who is a minor or incapacitated individual or if there is an inalienable estate or future contingent interest, after notice to the representative of the individual or interest as provided by supreme court rule, the court having jurisdiction of the matter may, if the agreement is made in good faith and appears just and reasonable for the individual or interest, direct the representative of the individual or interest to sign and enter into the agreement. The personal representative shall abide by the agreement's terms subject to the personal representative's obligation to administer the estate for the benefit of creditors, to pay all taxes and costs of administration, and to carry out the fiduciary office's responsibilities for the benefit of a successor of the decedent who is not a party.

(2) A personal representative of a decedent's estate is not required to see to the performance of a trust if the trustee of the trust is another person who is willing to accept the trust. Accordingly, a trustee of a testamentary trust is a successor for the purposes of this section. Nothing in this section relieves a trustee of a duty owed to a trust beneficiary.

MCL 700.7207 provides:

(1) On petition of an interested person, the court may approve an interpretation, construction, modification, or other settlement that is agreed upon in writing by all presently identified and competent beneficiaries whose interests in the trust may be affected to resolve a contest, controversy, or question of construction or interpretation concerning the existence, administration, or termination of an irrevocable trust.

(2) If the present or future interest of an unborn, unascertained, missing or disappeared person; of a trustee or a trust beneficiary described in the trust document but not yet established; or of a minor or other person without

legal capacity is not represented or is not represented adequately under the provisions of [MCL 700.1209] or [MCL 700.1403], the court may appoint 1 or more guardians ad litem to represent the interest or interests.

(3) The court shall approve an agreement described in subsection (1) if it appears to have been reached in good faith and its effects are just and reasonable under all of the relevant facts and circumstances.

(4) The order in response to a petition under subsection (1) is binding on each party who is represented in the proceeding and on others in accordance with [MCL 700.1403(b)]. After issuance of the order, the agreement as approved by the court shall be considered a part of the governing instrument of the trust.

Thus, although containing similar provisions, MCL 700.3914 applies when parties enter into an agreement to alter the terms of a will, whereas MCL 700.7207 applies when parties enter into an agreement to interpret, construe, modify, or otherwise alter the terms of a trust. In this case, decedent executed a will in which she stated, "I direct that all real property that I own at the time of my death, in Otsego County, be placed in trust for the use of my children, DAVID KRAMEK and LORRAINE BROWN and their families and anyone they would wish to enjoy it." However, a trust was not created before decedent's death or before the settlement agreement was entered into. Therefore, the parties' agreement did not interpret, construe, modify, or otherwise alter the terms of a trust. Rather, it altered the terms of decedent's will. Accordingly MCL 700.3914 applies and MCL 700.7207 does not apply.

Applying MCL 700.3914, Kramek argues that the trial court was required to appoint a GAL to represent decedent's grandchildren before the parties could execute their agreement so that the GAL could negotiate or enter into the agreement on behalf of the grandchil-

dren. We disagree that MCL 700.3914 requires this. First, MCL 700.3914(1) provides that competent successors may agree to alter interests to which they are entitled under the will. Further, it provides that if there is an interested minor,

> after notice to the representative of the individual or interest as provided by supreme court rule, the court having jurisdiction of the matter may, if the agreement is made in good faith and appears just and reasonable for the individual or interest, *direct the representative of the individual or interest to sign and enter into the agreement.* [Emphasis added.]

The statute does not require that the representative be appointed before the agreement is executed. This is not to say that this course could not be followed. But the statute only requires that a representative be appointed and be given notice of the agreement. Thereafter, the trial court is charged with determining whether the agreement is "made in good faith and appears just and reasonable . . . ." If it so determines, the trial court may order the representative to sign and enter into the agreement.

The trial court complied with these requirements. Katzen filed a petition for approval and construction of the estate settlement agreement and for appointment of a GAL for the interested minors. The trial court appointed a GAL for the interested minors. Kramek objected to this appointment, contending that Mabley represented the children. Nonetheless, the GAL remained appointed. At the hearing, both Mabley and the GAL appeared. The order granting approval of the settlement agreement was signed by both Mabley and the GAL. Therefore, we conclude that these proceedings were conducted in compliance with MCL 700.3914.

Kramek also contends that the trial court erred in finding that the interest conveyed in the will was a life estate that could be "bartered . . . as Consideration for the Estate Settlement Agreement." We agree that this was erroneous, but this error does not affect the propriety of the trial court's ruling.

The question presented to the trial court was whether the agreement, which did not specify the Otsego property, nonetheless included the Otsego property in the term "gross estate." The trial court, in rationalizing why that term did include the Otsego property, stated that Kramek and Brown were given in the will a "life estate, the right to use it as long as they're alive . . . . They can barter that." Kramek points out on appeal that the trust contemplated by the will would not have resulted in Brown and him having a "life estate" in the Otsego property. This is correct pursuant to MCL 555.16. However, this error does not warrant reversal of the trail court's ruling, which, on the basis of MCL 700.3914, was appropriate as discussed above.

Kramek also contends that the trial court erred in admitting extrinsic evidence at the hearing. We disagree.

Generally, the decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Campbell v Sullins,* 257 Mich App 179, 196; 667 NW2d 887 (2003). Whether extrinsic evidence should be used in contract interpretation is a question of law that this Court reviews de novo. See *Glenwood Shopping Ctr Ltd Partnership v K mart Corp,* 136 Mich App 90, 99; 356 NW2d 281 (1984).

"The parol evidence rule may be summarized as follows: '[p]arol evidence of contract negotiations, or of

prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous.' " *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998), quoting *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). However, "where a latent ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid to the construction of the contract." *McCarty v Mercury Metalcraft Co*, 372 Mich 567, 575; 127 NW2d 340 (1964).

The trial court did not err when it reviewed extrinsic evidence to help resolve a latent ambiguity in the agreement. The agreement stated that Kramek was to marshal all of the decedent's gross estate as that term is defined in the Internal Revenue Code (IRC), § 2033, and divide it in three portions. The term "gross estate," as defined, would clearly encompass the decedent's real property in Gaylord. The language does not, as Kramek argues on appeal, suggest only the decedent's gross estate that was transferred to Kramek and Brown through the will's residuary clause. Such a limitation does not comply with the IRC definition and would not even include any of the nonprobate assets transferred to Katzen by decedent.

As discussed above, however, Kramek could not pool the Otsego property with decedent's other property without properly amending the will pursuant to MCL 700.3914. In short, the apparently "clear" intent of the agreement was made unclear by the language of the will itself and the requirements of MCL 700.3914. This resulted in a latent ambiguity in that the language employed is clear and intelligible and suggests but a single meaning, but extrinsic factors created a necessity

for interpretation. *McCarty, supra* at 575. Therefore, the trial court properly resorted to extrinsic evidence to determine whether the parties intended to include the Otsego property in their agreement.

Kramek also contends that the trial court erred in finding that there was a conflict of interest that warranted his removal as personal representative. We agree. Appointment of a personal representative is within the trial court's discretion. See *In re Powell Estate*, 160 Mich App 704, 715; 408 NW2d 525 (1987).

Kramek contends that the trial court erred in removing him as personal representative for two reasons: (1) because Katzen was not a "party" and, therefore, could not request the removal and (2) there was no basis for his removal. We disagree that Katzen was precluded from petitioning for removal of a personal representative. However, we agree that the trial court did not cite a proper basis for Kramek's removal as personal representative.

The Estates and Protected Individuals Code, MCL 700.1100 *et seq.*, governs the circumstances in which a personal representative may be removed. MCL 700.3611 provides, in pertinent part:

> (1) An interested person may petition for removal of a personal representative for cause at any time. . . .
>
> (2) The court may remove a personal representative under any of the following circumstances:
>
> (a) Removal is in the best interests of the estate.
>
> (b) It is shown that the personal representative or the person who sought the personal representative's appointment intentionally misrepresented material facts in a proceeding leading to the appointment.
>
> (c) The personal representative did any of the following:
>
> (*i*) Disregarded a court order.

(*ii*) Became incapable of discharging the duties of office.

(*iii*) Mismanaged the estate.

(*iv*) Failed to perform a duty pertaining to the office.

Accordingly, any "interested person" may petition for removal of a personal representative. Here, Katzen was an "interested person" because she was a party to the settlement agreement. Therefore, the trial court did not err in considering her petition.

However, the trial court nonetheless abused its discretion in removing Kramek as personal representative. After the court ruled that Kramek be removed, Kramek's counsel asked whether Kramek had done something in violation of his statutory obligations. The trial court answered:

> No. There's a conflict of interest here; that's why I think an outsider will be able to handle this bickering. It costs the estate so much money to have lawyers with all the bickering that's going on. I think we should have a personal representative with no interest in it, has no conflict. That it will expedite [sic] and won't cost the estate all this money. Over the years I've seen estates get eaten up because families fight amongst themselves and lawyers get it all.

Although MCL 700.3611 broadly permits the trial court to remove a personal representative if it is "in the best interests of the estate," after reviewing the record, we conclude that the trial court did not cite any legitimate basis for removal that was in the best interests of the estate. First, a disagreement on the meaning of the terms of a settlement agreement is a fairly ordinary occurrence. Resolving such a dispute is a part of the normal function of the probate court. Even when a will is contested, it is a normal occurrence for a "party" to the will to serve as personal representative. Therefore, Kramek's role as personal representative was not tainted by a conflict of interest merely because

he disputed the terms of the settlement agreement. Further, there is no basis for the trial court's conclusion that Kramek's role as personal representative was complicating the dispute or costing the estate too much money. The application for informal probate was filed on April 14, 2003. On October 2, 2003, Katzen filed her petition for approval and construction of the estate settlement agreement. Kramek and Brown each filed a response to this petition. A hearing was held on January 27, 2004. The trial court's order approving the settlement agreement was entered on February 20, 2004. After reviewing the record, we are left with the impression that there was nothing other than an ordinary dispute that was handled expeditiously by the parties and the trial court. Kramek's serving as a personal representative did not complicate this dispute or cause the estate to be unduly burdened. Because there was no basis for concluding that Kramek's removal as a personal representative was in the best interests of the estate, we reverse the trial court's order removing him.

We affirm the order approving the estate settlement agreement, reverse the order removing Kramek as personal representative, and remand for proceedings consistent with this opinion.