*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF SAM SADALLAH Y.
RASHED.

SUMAYA ELABED, Personal Representative of
the ESTATE OF SAM SADALLAH Y. RASHED,

UNPUBLISHED
August 22, 2019

Appellee,

v

No. 345071
Wayne Probate Court
LC No. 2015-813210-DA

MOHAMMAD RASHED, Personal
Representative of the ESTATE OF AYSHEH Y.
RASHED,

Appellant.

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

After Sam Sadallah Y. Rashed passed away, Sumaya Elabed petitioned as his spouse to become the personal representative of the estate. Mohammad Rashed, the decedent's brother, challenged Elabed's rights to serve as personal representative and inherit the estate. Because Aysheh Y. Rashed, the decedent's mother, was still living, the probate court concluded that the brother was not the real person in interest and lacked standing. Decedent's mother then filed a petition making substantially the same challenge to Elabed's rights, but the probate court denied the petition. Decedent's mother appealed, and during the pendency of the appeal, the mother passed away. Rashed has continued the appeal as the personal representative of the mother's estate. For the reasons set forth below, we affirm.

## I. BACKGROUND

Because several family members share the same last name, for purposes of clarity, this opinion will refer to Sam Sadallah Y. Rashed as "the decedent," Aysheh Y. Rashed as "the decedent's mother," and Mohammad Rashed as "Rashed." Also, there are now two estates

-1-

involved in this dispute, the decedent's estate (the object of the lawsuit) as well as the decedent's mother's estate (a substituted party in this lawsuit). Again, for clarity, we refer to the latter estate simply as "appellant."

After the decedent passed away, Elabed applied for informal probate and appointment of personal representative, listing herself as the decedent's surviving spouse and sole heir, and nominating herself as personal representative of the estate. She failed to identify the decedent's mother as a surviving parent or any of the decedent's surviving siblings. The probate court approved the application.

Two years later, Rashed filed a competing petition for probate and appointment as personal representative. The petition listed the decedent's mother, who lived in the Palestine region, as the decedent's heir. At a hearing on this petition, Rashed's counsel asserted that the decedent and Elabed were never legally married. A subsequent review by the Wayne County Clerk failed to locate a marriage license. Without ruling on the validity of the marriage, the probate court dismissed Rashed's petition on the grounds that he was not the real party in interest and that he lacked standing to bring the petition.

The decedent's mother then filed a petition for supervised probate and appointment of personal representative, nominating Rashed as personal representative. The petition did not list a proper address for the decedent's mother and was signed using her purported thumbprint. The decedent's mother also petitioned to remove Elabed as the decedent's personal representative and appoint Rashed as the successor, alleging that Elabed "intentionally misrepresented material facts" by asserting that she was the decedent's legal spouse. Counsel for the decedent's mother signed the petition on her behalf.

The probate court dismissed the petition for supervised probate because the probate court had previously appointed a personal representative, and, therefore, a petition to terminate or modify had to be filed to change the current personal representative. During a hearing, the probate court also indicated that it was not convinced of the authenticity of thumbprint or that the decedent's mother was competent to bring the action. Ultimately, counsel for the decedent's mother indicated that she would personally appear before the probate court, and the probate court adjourned the case pending her appearance.

Subsequently, the decedent's mother filed a motion for status conference and request to use videoconferencing. The decedent's mother indicated that she lived in the Palestine region and her poor health and advanced age made international travel life-threatening. She requested permission to appear by way of videoconference with the assistance of a law firm in Gaza. The probate court denied the motion as well as the petition to remove the personal representative. The decedent's mother appealed, challenging the probate court's denial of her petition and her motion to appear by videoconference.

During the pendency of this appeal, the decedent's mother passed away, and Elabed moved to dismiss the appeal on the basis of mootness. In response, opposing counsel moved to hold the appeal in abeyance to allow Rashed to seek appointment as the personal representative of the decedent's mother's estate. This Court granted the motion, *In re Rashed Estate*, unpublished order of the Court of Appeals, entered February 21, 2019 (Docket No. 345071), and,

once Rashed was appointed as personal representative, he was permitted to continue this appeal on behalf of the decedent's mother's estate, *In re Rashed Estate*, unpublished order of the Court of Appeals, entered March 20, 2019 (Docket No. 345071).

## II. ANALYSIS

### A. REMOVAL OF PERSONAL REPRESENTATIVE

Appellant first argues that the probate court erred in denying the petition filed by the decedent's mother to remove Elabed as personal representative because the decedent and Elabed were not legally married and, therefore, Elabed was not the decedent's surviving spouse.

We review for abuse of discretion the probate court's decision whether to remove a personal representative. *In re Kramek Estate*, 268 Mich App 565, 576; 710 NW2d 753 (2005). "An interested person may petition for removal of a personal representative for cause at any time." MCL 700.3611(1); see also *In re Kramek Estate*, 268 Mich App at 575. As the decedent's surviving parent, the decedent's mother qualified as an interested person who had a claim against the intestate estate of the decedent, MCL 700.2103(b), and she was therefore eligible to petition for the removal of Elabed as personal representative of the decedent's estate, MCL 700.3611(1).

And yet, although she was eligible to file a petition, the probate court had significant concerns whether the decedent's mother did, in fact, file the petition. As explained earlier, the probate court denied Rashed's original petition for probate and for appointment of personal representative on the grounds that he was not the real party in interest and lacked standing to bring the petition. Immediately thereafter, the decedent's mother purportedly filed her own petition to remove Elabed as personal representative and appoint Rashed as the successor. In reviewing that petition, the probate court was not convinced that it was the thumbprint of the decedent's mother on the petition or that she was competent to execute the petition. Therefore, the probate court adjourned the case to provide time for the decedent's mother to appear personally in court. The decedent's mother never appeared in person, but requested instead to remain in Palestine and appear by videoconference. The probate court denied the petition, reasoning that the decedent's mother could not travel to Michigan to appear in court and that the proposed videoconference did not meet the standards under the Michigan Court Rules.

Because the decedent's mother never appeared in court, the probate court properly denied the petition. Her failure to appear rendered the probate court unable to determine whether the decedent's mother actually signed the petition and, if so, whether she was competent to do so. Therefore, the probate court did not abuse its discretion in denying the petition.

### B. REQUEST FOR VIDEOCONFERENCING

Relatedly, appellant next claims that the probate court erred by denying the motion to appear by videoconference. Appellant argues that the probate court failed to consider adequately the factors in MCR 2.407 when reviewing the motion.

After this appeal was filed, the decedent's mother died. Because of this, it is no longer possible for her to appear in court in any manner. "This Court generally does not address moot

questions or declare legal principles that have no practical effect in a case," and an issue is "moot if an event has occurred that renders it impossible for the court to grant relief." *In re Gerald L Pollack Trust*, 309 Mich App 125, 145; 867 NW2d 884 (2015). Because there is no relief that this Court could grant with respect to the manner by which the decedent's mother would appear in court, we conclude that the issue is moot and decline to address it further.

Affirmed. Appellee, having prevailed in full, may tax costs under MCR 7.219(F).


/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle